1   **WO**                                                                    RP

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Moses Medrano,                    )   No. CV-06-1212-PHX-MHM (DKD)
                                       )
10              Plaintiff,             )   **ORDER**
                                       )
11  vs.                               )
                                       )
12                                     )
    Rodger Brumbraugh, et al.,         )
13                                     )
                Defendants.            )
14                                     )
                                       )
15  _____)

16

17         Moses Medrano (Plaintiff), presently confined in the Maricopa County Fourth Avenue

18  Jail in Phoenix, Arizona (Fourth Avenue Jail), filed with the Clerk of the Court on May 2,

19  2006 a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant

20  to 28 U.S.C. 1983.  Plaintiff has not paid the three hundred and fifty dollar ($350.00) filing

21  fee,[1] but he has filed with his Complaint a certified "Application To Proceed In Forma

22  Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate

23  Account Statement" (Account Statement).

24         **APPLICATION TO PROCEED IN FORMA PAUPERIS AND FILING FEE**

25

26  _____

27         [1]The three hundred and fifty dollar ($350.00) filing fee is set pursuant to 28 U.S.C. § 1914(a)
    (as amended by the Deficit Reduction Act of 2005, Pub. L. No. 109-171, 120 Stat. 4 (Feb. 8, 2006)).

28                                        - 1 -

1    Plaintiff's certified Application To Proceed and Account Statement filed with the
2    Complaint make the showing required by 28 U.S.C. § 1915(a).   Accordingly, Plaintiff's
3    Application to Proceed will be granted.

4    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the three hundred and
5    fifty dollar ($350.00) statutory filing fee.   Based on the average monthly deposits in
6    Plaintiff's account for six (6) months preceding the filing of the Complaint, an initial partial
7    filing fee of one dollar and thirty-three cents ($1.33) will be assessed by this Order.   28
8    U.S.C. § 1915(b)(1).

9    By separate order, the Court will direct the appropriate agency to collect the initial
10   partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.
11   Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the
12   preceding month's income credited to Plaintiff's trust account.   These payments will be
13   forwarded by the appropriate agency to the Clerk of the Court each time the amount in
14   Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full. 28 U.S.C.
15   § 1915(b)(2).

16   Plaintiff should take notice that if he is released before the filing fee is paid in full, he
17   must pay the remaining unpaid amount of the filing fee within one hundred and twenty (120)
18   days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within
19   one hundred and twenty (120) days of the date of his release, the action will be dismissed,
20   unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the
21   filing fee.

22   Plaintiff also should take notice that a prisoner may not bring a civil action without
23   complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3) or
24   more occasions, an action or appeal in a federal court that was dismissed as frivolous, as
25   malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner
26   is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

27   ///
28   ///

1    **STATUTORY SCREENING OF PRISONER COMPLAINTS**

2    The Court is required to screen complaints or amended complaints brought by

3    prisoners seeking relief against a governmental entity or officer or employee of a

4    governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion

5    thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to

6    state a claim upon which relief may be granted, or that seek monetary relief from a defendant

7    who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss

8    a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available

9    to him. 42 U.S.C. § 1997e(a).

10   **COMPLAINT**

11   Plaintiff alleges three (3) counts in his Complaint. (Complaint at 4-6).

12   Named as Defendants in the Complaint are: (1) Rodger Brumbraugh, Detective,

13   Phoenix Police Department; (2) Terry Smith, Peace Officer, Phoenix Police Department; and

14   (3) Jeffrey Stocki, Peace Officer, Phoenix Police Department. (Complaint at 1-2).

15   Plaintiff seeks a jury trial and monetary damages. (Complaint at 7).

16   **FAILURE TO STATE A CLAIM**

17   In Count I of the Complaint, Plaintiff claims that his rights under the Arizona

18   Constitution "Section § 4" and the Fourth and Fourteenth Amendments of the United States

19   Constitution were violated by Defendants Terry Smith, Jeffrey Stocki, and Rodger

20   Brumbraugh. (Complaint at 4). Plaintiff alleges that Defendants Terry Smith and Jeffrey

21   Stocki unlawfully trespassed on his property, searched and "seized" him, searched his

22   younger brother's car, fabricated evidence, and withheld evidence. Id. at 4-4B. Plaintiff

23   further alleges that Defendant Rodger Brumbraugh lied under oath to the grand jury and

24   fabricated and withheld evidence in order to maliciously secure an indictment. Id. at 4A-B.

25   In Count II of the Complaint, Plaintiff claims that his rights under the Arizona

26   Constitution "Section § 10" and the Fifth Amendment of the United States Constitution were

27   violated by Defendant Terry Smith when he ignored Plaintiff's request that he wanted to

28   speak to a lawyer and continued to question him about a gun. (Complaint at 5). Plaintiff

- 3 -

1  further alleges that Defendant Smith tricked him and lied to him when he told Plaintiff that

2  he would not charge him with the gun, and then turned around and charged Plaintiff with the

3  gun after Plaintiff answered his questions.  Id.  Plaintiff also alleges that Defendant Smith

4  violated his Miranda rights.  Id.

5          In Count III of the Complaint, Plaintiff claims that his rights under the Arizona

6  Constitution "Section § 8" and the Fourteenth Amendment of the United States Constitution

7  were violated by Defendants Terry Smith, Jeffrey Stocki, and Rodger Brumbraugh.

8  (Complaint at 6).  Plaintiff alleges that Defendant Terry Smith and Jeffrey Stocki falsely

9  arrested him when they trespassed on the property of his dwelling, fabricated evidence

10 against him and arrested him, lied on a police report, and falsely imprisoned him by

11 withholding and fabricating evidence in state court "as well as papers."  Id.  Plaintiff further

12 alleges that Defendant Rodger Brumbraugh falsely told the grand jury that he had

13 investigated Plaintiff's case and that this led to Plaintiff's unlawful and false imprisonment.

14 Id.

15          Because Plaintiff's allegations against the Defendants in Grounds I, II, and III

16 necessarily imply the invalidity of his current confinement, he is foreclosed from bringing

17 this § 1983 action by the case of Heck v. Humphrey which holds:

18          [I]n order to recover damages for allegedly unconstitutional conviction or
            imprisonment, or for other harm caused by actions whose unlawfulness would
19          render a conviction or sentence invalid, a §1983 plaintiff must prove that the
            conviction or sentence has been reversed on direct appeal, expunged by
20          executive order, declared invalid by a state tribunal authorized to make such
            determination, or called into question by a federal court's issuance of a writ of
21          habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that
            relationship to a conviction or sentence that has not been so invalidated is not
22          cognizable under § 1983.

23 Heck v. Humphrey, 512 U.S. 477, 486 (1994).

24          Heck not only bars claims for damages challenging the validity of a conviction or

25 sentence, it also bars claims challenging the validity of an arrest and prosecution, see

26 Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996), as well as claims which necessarily

27 implicate the validity of pending criminal charges, see Alvarez- Machain v. United States,

28 107 F.3d 696, 700-01 (9th Cir.1997).

1       Therefore, under <u>Heck</u>, Plaintiff's claim for damages for actions of Defendants which

2  allegedly led to his unconstitutional confinement and prosecution are not cognizable in this

3  action because Plaintiff has not shown that he has been successful in the criminal realm by

4  having the charges dropped, or by having his resulting conviction or sentence invalidated by

5  a state or federal court.  Accordingly, the Complaint will be dismissed without prejudice

6  pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state

7  a claim upon which relief may be granted.

8       Also, because it is clear from the face of the Complaint that the deficiencies in the

9  Complaint can not be cured by amendment, the Court's dismissal will be without leave to

10  amend, and the Court will order that the action be dismissed and judgment entered.  <u>See</u> <u>Noll</u>

11  <u>v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (<u>citing</u> <u>Broughton v. Cutter Lab</u>, 622 F.2d

12  458, 460 (9th Cir. 1980)).

13       **IT IS THEREFORE ORDERED**:

14       (1)  That Plaintiff's "Application To Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> By A Prisoner Civil

15  (Non-Habeas)" filed with the Complaint is GRANTED;

16       (2)  That Plaintiff is OBLIGATED to pay the statutory filing fee of three hundred and

17  fifty dollars ($350.00) for this action.  Plaintiff is ASSESSED an initial partial filing fee of

18  one dollar and thirty-three cents ($1.33).  All fees shall be collected and paid in accordance

19  with this Court's Order to the appropriate government agency filed concurrently herewith;

20       (3)  That the "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint)

21  pursuant to 42 U.S.C. § 1983 and this action are DISMISSED WITHOUT PREJUDICE,

22  WITHOUT LEAVE TO AMEND pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

23  1915A(b)(1) for FAILURE TO STATE A CLAIM upon which relief may be granted, and

24  the Clerk of the Court is DIRECTED TO ENTER JUDGMENT accordingly;

25  *//*

26  *//*

27  *//*

28  *//*

(4)     That the Clerk of Court is also DIRECTED TO MAKE AN ENTRY on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

DATED this 19th day of May, 2006.

Mary H. Murgula
United States District Judge